William WOMACK, Plaintiff–Appellant,

v.

John or Jane DOE, Correctional Officers; Frank Hauschildt, Sergeant, Defendants–Appellees.

No. 13–35772.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 25, 2015.*

Filed Sept. 8, 2015.

William Womack, Walla Walla, WA, pro se.

John E. Justice, I, Esquire, Law, Lyman, Daniel, Kamerrer & Bogdanovich P.S., Olympia, WA, for Defendants–Appellees.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

## MEMORANDUM **

William Womack, a Washington state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when officials denied him access to the courts during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment because Womack failed to raise a genuine dispute of material fact as to whether defendants' actions caused Womack to suffer an actual injury, *see Lewis v. Casey*, 518 U.S. 343, 348–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access-to-courts claim requires plaintiff to show that the defendants' conduct caused actual injury to a non-frivolous legal claim), or as

to whether Womack had a constitutional right to library access in order to contest a civil suit unrelated to a prison sentence or condition of confinement, *see Silva v. DiVittorio*, 658 F.3d 1090, 1102–03 (9th Cir. 2011) (discussing "affirmative assistance" and "interference" access-to-courts claims).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

